**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JAMES MILLER AND ALLENE MILLER,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Case No. 6:11-cv-00022** |
| **BAC HOME LOANS SERVICING, LP AND NATIONAL DEFAULT EXCHANGE, LP,** | § § § § | |
| **Defendants.** | § § | |

<u>**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO**</u>
<u>**PLAINTIFFS' FIRST AMENDED COMPLAINT**</u>

Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (**BANA**) answers the allegations in Plaintiffs' First Amended Complaint (**complaint**) as follows.

**PARTIES & JURISDICTION**

1.     BANA is without sufficient information to admit or deny the allegations in paragraph 1 of the complaint, and therefore denies the same.

2.     BANA admits it has made an appearance in this action and denies the remaining allegations paragraph 2 of the complaint.

3.     BANA is without sufficient information to admit or deny the allegations in paragraph 3 of the complaint, and therefore denies the same.

4.     BANA admits this Court has jurisdiction, but denies the remaining allegations in paragraph 4 of the complaint.

## FACTUAL ALLEGATIONS

5.      BANA admits plaintiffs purchased the property located at 810 Corey Dr. Whitehouse, Texas in December 2001, but is without sufficient information to admit or deny the remaining allegations in paragraph 5 of the complaint, and therefore denies the same.

6.      BANA admits the allegations in paragraph 6 of the complaint.

7.      BANA is without sufficient information to admit or deny the allegations in paragraph 7 of the complaint, and therefore denies the same.

8.      BANA admits BAC Home Loans Servicing LP was the mortgage servicer for Bank of America, but BAC Home Loans Servicing, LP merged into Bank of America, N.A.

9.      BANA admits it sent a letter dated March 10, 2010.  BANA states the letter speaks for itself.  BANA denies the remaining allegations in paragraph 9 of the complaint.

10.      BANA denies the allegations in paragraph 10 of the complaint.

11.      BANA denies the allegations in paragraph 11 of the complaint.

12.      BANA denies the allegations in paragraph 12 of the complaint.

13.      BANA denies the allegations in paragraph 13 of the complaint.

14.      BANA denies the allegations in paragraph 14 of the complaint.

15.      BANA admits it sent a letter dated May 3, 2010.  BANA states the letter speaks for itself.  BANA denies the remaining allegations in paragraph 15 of the complaint.

16.      BANA is without sufficient information to admit or deny the allegations in paragraph 16 of the complaint, and therefore denies the same.

17.      BANA denies the allegations in paragraph 17 of the complaint.

18.      BANA is without sufficient information to admit or deny the allegations in paragraph 18 of the complaint, and therefore denies the same.

19.    BANA is without sufficient information to admit or deny the allegations in paragraph 19 of the complaint, and therefore denies the same.

20.    BANA is without sufficient information to admit or deny the allegations in paragraph 20 of the complaint, and therefore denies the same.

21.    BANA denies the allegations in paragraph 21 of the complaint.

22.    BANA admits the property was foreclosed on June 1, 2010.  BANA is without sufficient information to admit or deny the remaining allegations in paragraph 22 of the complaint, and therefore denies the same.

23.    BANA is without sufficient information to admit or deny the allegations in paragraph 23 of the complaint, and therefore denies the same.

24.    BANA is without sufficient information to admit or deny the allegations in paragraph 24 of the complaint, and therefore denies the same.

25.    BANA denies the allegations in paragraph 25 of the complaint.

26.    BANA is without sufficient information to admit or deny the allegations in paragraph 26 of the complaint, and therefore denies the same.

27.    BANA is without sufficient information to admit or deny the allegations in paragraph 27 of the complaint, and therefore denies the same.

28.    BANA denies the allegations in paragraph 28 of the complaint.

29.    BANA denies the allegations in paragraph 29 of the complaint.

30.    BANA denies the allegations in paragraph 30 of the complaint.

31.    BANA denies the allegations in paragraph 31 of the complaint.

32.    BANA denies the allegations in paragraph 32 of the complaint.

33.    BANA denies the allegations in paragraph 33 of the complaint.

LEGAL ALLEGATIONS AGAINST DEFENDANT BAC

**Count One-Violation of the U.S. Fair Debt Collection Practices Act**

34.     Plaintiffs' allegations in paragraphs 34-38 are moot as a result of the Court's dismissal of plaintiffs' claim and the Fifth Circuit Court of Appeals affirmation of the dismissal. To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

**Count Two-Violation of the Texas Debt Collection Act**

35.     No response is necessary to paragraph 39.

36.     BANA denies the allegations in paragraph 40 of the complaint.

37.     Plaintiffs' allegations in paragraph 41 and its subparts are moot as a result of the Court's dismissal of plaintiffs' claim under paragraphs 41(a), (c), and (d) and the Fifth Circuit Court of Appeals affirmation of the dismissal.  To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.  BANA denies the allegations in paragraph 41(b) of the complaint.

38.     Plaintiffs' allegations in paragraph 42 are moot as a result of the Court's dismissal of plaintiffs' claim under the Texas Deceptive Trade Practices Act and the Fifth Circuit Court of Appeals affirmation of the dismissal.  To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

39.     BANA denies the allegations in paragraph 43 of the complaint and denies plaintiffs are entitled to the relief requested.

**Count Three-Violation of the Texas Deceptive Trade Practices Act**

40.     Plaintiffs' allegations in paragraphs 44-48 are moot as a result of the Court's dismissal of plaintiffs' claim and the Fifth Circuit Court of Appeals affirmation of the dismissal. To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

**Count Four-Fraud**

41.     Plaintiffs' allegations in paragraphs 49-52 are moot as a result of the Court's dismissal of plaintiffs' claim and the Fifth Circuit Court of Appeals affirmation of the dismissal. To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

**Count Five-Negligent Misrepresentation**

42.     Plaintiffs' allegations in paragraphs 53-58 are moot as a result of the Court's dismissal of plaintiffs' claim and the Fifth Circuit Court of Appeals affirmation of the dismissal. To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

**Count Six-Promissory Estoppel**

43.     Plaintiffs' allegations in paragraphs 59-61 are moot as a result of the Court's dismissal of plaintiffs' claim and the Fifth Circuit Court of Appeals affirmation of the dismissal. To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

LEGAL ALLEGATIONS AGAINST DEFENDANTS BAC AND NATIONAL DEFAULT

**Count One-Respondeat Superior**

44.     No response is necessary to paragraph 62.

45.     BANA denies the allegations in paragraph 63 of the complaint.

**Count Two-Wrongful Foreclosure**

46.     Plaintiffs' allegations in paragraphs 64-68 are moot as a result of the Court's dismissal of plaintiffs' claim and the Fifth Circuit Court of Appeals affirmation of the dismissal. To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

LEGAL ALLEGATIONS AGAINST DEFENDANT NATIONAL DEFAULT

**Count One-Accounting and Payment**

47.     No response is necessary to paragraphs 69-71 because those claims are against defendant National Default.  To the extent a response is necessary, BANA denies all factual and legal allegations contained in these paragraphs and denies plaintiffs are entitled to any relief requested thereunder.

LEGAL ALLEGATIONS REGARDING PLAINTIFFS' DAMAGES

48.     No response is necessary to paragraph 72.

49.     BANA denies the allegations in paragraph 73 of the complaint and denies plaintiffs are entitled to the relief requested.

PRAYER

50.     BANA denies the allegations in paragraphs 1-5 under the heading "Prayer," and denies plaintiffs are entitled to the relief requested.

REQUEST FOR JURY TRIAL

51.     No response is necessary to plaintiffs' request for jury trial.

AFFIRMATIVE DEFENSES

52.     Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim

upon which relief may be granted.

53.     Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon an alleged agreement which fails to comply with the statute of frauds.

54.     Plaintiffs' claims are barred, in whole or in part, to the extent they are  based upon an alleged agreement which is not supported by good or sufficient consideration.

55.     Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon an alleged agreement the terms of which are too indefinite to enforce.

56.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to perform all conditions precedent to recovery, including, but not limited to, plaintiffs' failure to comply with the repayment terms of his loan agreement, their failure to reduce any claimed agreement to a writing which contains definite terms, is supported by new and independent consideration and which complies with the statute of frauds and their failure to provide good and sufficient notice of their claims.

57.     Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon the breach of a contract plaintiffs materially breached first.

58.     Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

59.     Plaintiffs' claims are barred, in whole or in part, because they are not consumers.

60.     Plaintiffs' claims are barred, in whole or in part, for failure to mitigate their damages.

61.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' own acts or omissions caused or contributed to their injury, if any.  In the event the trier of fact determines plaintiffs have suffered any compensable damages, BANA hereby invokes chapter 33 of the Texas Civil Practice & Remedies Code and requests that the trier of fact determine the

proportion of responsibility for said damages by plaintiffs, BANA, and responsible third-parties, if any, and to grant judgment against BANA, if at all, for only those damages for which BANA is found to be proportionately responsible.

62.     Plaintiffs' claim for damages is barred, in whole or in part, by BANA's claim for offset of those benefits retained by plaintiffs, such as his continued occupation of the subject property without payment of any kind, including, but not limited to, the amounts owed to BANA under the terms of the parties' contract and attorney's fees.

63.     Plaintiffs' claims are barred, in whole or in part, because any wrongful act or omissions alleged to have been committed by BANA was a good faith result of a bona fide error.

### PRAYER

For the above-state reasons, BANA requests this Court render judgment that plaintiffs take nothing, dismiss plaintiffs' suit with prejudice and award BANA all other relief the court deems appropriate.

Date: September 18, 2013                     Respectfully submitted,


                                             _____
                                             */s/ D. Stewart Clancy*
                                             C. Charles Townsend; SBN:  24028053
                                             D. Stewart Clancy; SBN: 24027926
                                             Justin R. Opitz; SBN: 24051140
                                             AKERMAN SENTERFITT, LLP
                                             2001 Ross Avenue
                                             Suite 2550
                                             Dallas, Texas 75201
                                             Telephone: 214.720.4300
                                             Facsimile:  214.981.9339

                                             **ATTORNEYS FOR DEFENDANT
                                             BANK OF AMERICA, N.A. AS
                                             SUCCESSOR BY MERGER TO BAC
                                             HOME LOANS SERVICING, LP**


## CERTIFICATE OF SERVICE

        I hereby certify that on September 18, 2013, a true and correct copy of the foregoing was
served via facsimile and certified mail, return receipt requested, as follows:

**VIA CERTIFIED MAIL/RRR
7196 9008 9111 1486 6294**
Craig Daugherty
P. O. Box 7430
Tyler, Texas  75711
Facsimile 903.509.0255
*Counsel for Plaintiffs*


                                             _____
                                             */s/ D. Stewart Clancy*
                                             D. Stewart Clancy